**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| TERESA JO JONES, #914885<br>　　　　　Petitioner | * | |
| | * | |
| v. | | Civil Action No. PJM-04-0317 |
| | * | |
| JOHN WILT, WARDEN, and<br>　THE ATTORNEY GENERAL OF<br>　THE STATE OF MARYLAND<br>　　　　　Respondents | *<br><br>******** | |

**MEMORANDUM**

Before the Court is a pro se 28 U.S.C. §2254 motion, as supplemented, filed by state inmate Teresa Jo Jones, in which she challenges her 1997 conviction and 1998 sentence for second degree murder and a related handgun offense. Respondents, through counsel, have filed an answer.

Upon review of the pleadings, the Court finds no need for an evidentiary hearing. See 28 U.S.C. Section 2254(e)(2); Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the petition will be denied.

**I. Procedural History**

In 1997, a jury sitting in the Circuit Court for Baltimore County convicted Petitioner of second degree murder and use of a handgun in the commission of a crime of violence in connection with the killing of her husband. At trial, Petitioner did not dispute that she shot her husband with his .44 magnum handgun, but had asserted that she acted in self-defense and suffered from battered spouse syndrome. Paper No. 13, Exhibit 10 at 1.[1] On April 3, 1998, Petitioner was sentenced to a total of thirty-five years incarceration.

---

[1] The facts adduced at trial were summarized on appeal by the Court of Special Appeals of Maryland. Paper No. 13, Exhibit 10. The facts will be referenced as indicated herein.

The Court of Special Appeals of Maryland affirmed the convictions by unreported opinion filed on July 1, 1999. Petitioner then filed a petition for writ of certiorari, asking the Court of Appeals to consider whether "the trial court err[ed] in failing to properly instruct the jury on the use of evidence of battered spouse syndrome." Docket Entry No. 13, Exhibit 11 at 1. Maryland's highest appellate court declined review on November 16, 1999. Docket Entry No. 13, Exhibit 13.

On November 27, 2000, Petitioner commenced state post conviction proceedings in the Circuit Court for Baltimore County. On September 9, 2002, after several days of hearings, the Court denied the petition for post conviction relief. Docket Entry No. 13, Exhibit 22. Counsel for Petitioner successfully filed for leave to appeal to the Court of Special Appeals of Maryland. On post conviction appeal, counsel presented three claims of ineffective assistance in violation of the Sixth Amendment. These claims were: (1) trial counsel failed to raise a defense that the killing was a hot-blooded response to legally adequate provocation; (2) trial counsel failed to raise the defense that Ms. Jones was not criminally responsible for the shooting; and (3) trial counsel failed to advocate on her behalf at sentencing. Paper No. 13, Exhibit 25 at 2. By unreported opinion filed October 10, 2003, a three-judge panel of the Maryland Court of Special Appeals affirmed the denial of post conviction relief. Docket Entry No. 13, Exhibit 27.

Proceeding pro se, Petitioner filed for certiorari review in the Court of Appeals of Maryland on November 21, 2003. Docket Entry No. 13, Exhibit 28. That court denied review on January 12, 2004. Docket Entry No. 13, Exhibit 29. On February 11, 2004, Petitioner filed a motion to reopen post conviction proceedings in the Circuit Court for Baltimore County.

**II. Claims Presented**

In support of her application for habeas relief, Petitioner contends that trial counsel provided constitutionally ineffective assistance by: 1) failing to investigate the possibility of raising an insanity defense;

2) failing to present an appropriate and complete defense, thereby resulting in the denial of a fair trial and the filing of a motion for modification; 3) failing to present all evidence to show Petitioner as a battered spouse who acted in reasonable self-defense;  4) failing to object when the prosecutor elicited hearsay testimony indicating that Petitioner had previously threatened the victim with a loaded gun; 5) failing to raise the defense that the killing was a hot-blooded response to legally adequate provocation; 6)  failing to discuss the case with Petitioner before trial; 7) advising it was unnecessary to call witnesses on her behalf; 8) conducting very little cross-examination;

9) failing to organize and present evidence; 10)  failing to investigate the crime scene; and 11) failing to object to prejudicial or hearsay evidence.  Docket Entry No. 1 at 6, ¶ 15; Docket Entry No. 3. Additionally, Petitioner claims the prosecution withheld favorable evidence, and the trial judge was biased. Docket Entry No. 3.

### III.  Exhaustion and Procedural Default

Before a petitioner may seek habeas relief in federal court, each claim presented to the federal court must be exhausted by pursuing remedies available in state court. See 28 U.S.C. § 2254(b)(1); see also Rose v. Lundy, 455 U.S. 509 (1982).  This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U. S. 838, 119 S. Ct. 1728 (1999); 28 U.S.C. § 2254(b) and (c).  In Maryland, this may be accomplished by raising certain claims on direct appeal and with other claims by way of  post conviction proceedings. Exhaustion is not required if at the time a federal habeas corpus petition is filed the petitioner has no available state remedy.  See Teague v. Lane, 489 U. S. 288, 297-98 (1989); Bassette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990).

Where a petitioner has failed to present a claim to the highest state court with jurisdiction to hear

3

it, whether it be by failing to raise the claim in post conviction proceedings or on direct appeal or by failing to timely note an appeal, the procedural default doctrine applies. See Coleman v. Thompson, 501 U. S. 722, 749-50 (1991); Murray v. Carrier, 477 U. S. 478 (1986); Murch v. Mottram, 409 U. S. 41, 46 (1972); Bradley v. Davis, 551 F. Supp. 479, 481 (D. Md. 1982).

The procedural default doctrine bars consideration of a claim in a petition for habeas corpus absent a showing of cause and prejudice or actual innocence. Murray, 477 U. S. at 495; Wainwright v. Sykes, 433 U.S. 72, 86 (1977). Cause for procedural default must be more than mistake or ignorance. Under some circumstances, ineffective assistance of counsel as determined under Strickland v. Washington, 466 U. S. 668 (1984), may constitute cause. Edwards v. Carpenter, 529 U. S. 446, 449 (2000). Otherwise, "in order to demonstrate 'cause' for the default [petitioner] must establish that 'some objective factor external to the defense impeded counsel's [or petitioner's] efforts' to raise the claim in state court at the appropriate time." Breard v. Pruett, 134 F.3d 615, 620 (4th Cir. 1998) (quoting Murray, 477 U. S. at 488). Ignorance of the availability of an appeal in a collateral proceeding, even when based on erroneous legal advice, does not constitute cause for failing to file a timely appeal. See Tower v. Phillips, 7 F.3d 206, 211 (11th Cir. 1993).

If a petitioner fails to show cause and prejudice for a procedural default a court must still consider whether it should reach the merits of the petitioner's claims in order to prevent a fundamental miscarriage of justice. See Schlup v. Delo, 513 U. S.298, 314 (1995). The miscarriage of justice standard is directly linked to innocence. See id. at 320. The miscarriage of justice exception applies where a petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray, 477 U. S. at 496.[2]

---

[2]By order dated December 27, 2005, the Court granted Petitioner thirty days to answer Respondents' assertions of procedural default. Petitioner filed a response on February 28, 2005. Paper

**IV. Standard of Review**

This petition is subject to the provisions of the federal habeas statute, 28 U.S.C. § 2254, as amended, which provides a "highly deferential standard for evaluating state-court rulings," Lindh v. Murphy, 521 U.S. 320, 333 n.7. (1997).  A federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits 1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or  2)  "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

In Williams v. Taylor, 529 U.S. 362 (2000),  Justice O'Connor explained that  a state court decision is "contrary to" clearly established federal law, when "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 412-413.  A state court decision is based on an "unreasonable application" of clearly established federal law when "the state court  identifies the correct  governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  Id.  "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 409-410.  Furthermore, when a state court has made a  finding of fact, it is presumed to be correct and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

---

No. 22.  Petitioner, however, has failed to satisfy the standard to excuse procedural default.

5

## V. Analysis

In light of the legal principles of exhaustion and procedural default, only three claims presented here were fairly presented to all appropriate state courts and may now be considered on federal collateral review. See 28 U.S.C. §2254(b). These are the three claims of ineffective assistance of counsel that were raised before the Maryland Court of Special Appeals on review of the decision denying post conviction relief. See infra p. 2.

### A. Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, petitioner must show her attorney's performance fell below an objective standard of reasonableness and that he suffered actual prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). To demonstrate actual prejudice from deficient performance, Petitioner must show there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 694.

According to Strickland, there is a strong presumption that counsel's conduct was within a wide range of reasonably professional conduct, and courts must be highly deferential in scrutinizing counsel's performance. See id. at 688-89. To prevail, the habeas petitioner must overcome the presumption that the challenged action might be considered "sound trial strategy." Id. at 689. Further, a determination need not be made concerning the attorney's performance if it is clear that no prejudice would have resulted had the attorney been deficient. See id. at 697. It is not sufficient for a petitioner to convince the federal habeas court that the state court decision applied Strickland incorrectly. Rather, a petitioner must show the state court applied Strickland to the facts of the case in an objectively unreasonable manner. Bell v. Cone, 535 U.S. 685, 694 (2002). Having reviewed the applicable standard, the Court will now consider the three claims.

**B. Claims**

**1. Failure to Raise Defense of a Hot-Blooded Response**

Petitioner contends trial counsel rendered ineffective assistance because he failed to raise the defense that the killing was a hot-blooded response to legally adequate provocation. Petition at 6. On appeal from the denial of the petition for post conviction relief, the Court of Special Appeals of Maryland stated:

> We do not agree with appellant that trial counsel conceded that the evidence presented at trial supported the theory that appellant acted in hot-blooded response. In response to questioning by appellant's post-conviction counsel, trial counsel stated equivocally that the evidence "may well have" supported the theory. Counsel also stated at the post-conviction hearing- this time unequivocally- that he "did think that the testimony as it came out in the trial didn't substantiate" that, at the time of the shooting, appellant was the victim of a substantial battery that would provoke a hot-blooded response.
>
> In any event, appellant's trial counsel made clear at both the trial and post-conviction hearing that the defense's theory was that appellant acted in perfect or imperfect self-defense. The defense further theorized that appellant was a battered spouse and, at the time of the shooting, was suffering from Battered Spouse Syndrome.

Paper No. 13, Exhibit 27 at 8. The Court concluded that trial counsel apparently recognized the inherent difficulty of simultaneously presenting two defenses with each requiring proof of a different state of mind. Id at 10.

> Appellant testified that during her final altercation with the victim she feared for her life, she tried to escape from the situation, and when she was unable to do so, she grabbed the handgun that appellant had apparently placed nearby. Thus the only evidence as to appellant's state of mind at the time of the shooting belied any notion that she acted in hot-blooded rage.

Id. Further, the Court noted:

> Trial counsel indicated at the post conviction hearing that the decision to rely on perfect or imperfect self-defense and the Battered Spouse Syndrome was based on information that appellant had supplied to counsel and to other persons, such as the clinical psychologist who examined appellant. Counsel further indicated that he believed that he

would have antagonized the jury had he attempted also to urge upon them the contradictory theory that appellant acted in hot-blooded response. Appellant presents no convincing argument that counsel's decisions were unreasonable or reflected unsound trial strategy under the circumstances. As we have explained, appellant's trial testimony, if believed, would have established that appellant feared for her life when the shooting occurred. Appellant's testimony simply did not suggest that appellant acted in a hot-blooded rage.

An attorney's tactical decisions are entitled to deference and should not be second guessed, see Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977), unless it appears the attorney's performance was unreasonable under the circumstances, see Strickland, 466 U.S. at 690. Defense counsel's strategy here was the kind of tactical decision to which Strickland applies a presumption of reasonableness. Strickland, 466 U.S. at 689; Bell v. Cone, 535 U.S. 685, 698-702 (2002). The fact that the tactic was unsuccessful or that a petitioner disagrees with an attorney's strategy does not establish ineffective assistance of counsel. Id at 689. The state court decision is amply supported in the record, and this claim does not merit federal habeas relief.

**2. Failure to Raise Criminal Responsibility**

Petitioner next contends that trial counsel's failure to investigate and consult with her regarding whether or not she was criminally responsible at the time of the shooting amounts to ineffective assistance of counsel. Petition at 6. The Court of Special Appeals rejected this claim, observing that trial counsel had made a reasonable investigation of this question by: retaining a psychiatrist to evaluate Petitioner; reviewing her mental evaluation; researching the law on the issue; and consulting other attorneys. Paper No. 13, Exhibit 27 at 13. In its decision, the Court wrote:[Trial Counsel] "unearthed nothing that would have indicated that appellant was not criminally responsible. Appellant directs this Court to no evidence that would have suggested to counsel, at the relevant time, that more investigation was warranted." Paper No. 13, Exhibit 27 at 14.

The state court's ruling, presumptively correct, is well-supported by the record. Counsel reasonably investigated the question of criminal responsibility and his decisions were informed by a retained mental health expert. There is no basis here to conclude the state court's decision was an unreasonable application of <u>Strickland</u> under 28 U.S.C. §2254(d). Accordingly, this claim is without merit.

### 3.   Failure to Advocate at Sentencing

The final claim proffered is that trial counsel provided ineffective representation at sentencing by failing to call any witnesses regarding mental state. Petition at 4. The appellate post conviction court rejected this claim, stating:

> Before addressing the court as to sentencing, counsel indicated- -and the court acknowledged-- that a pre-sentence report had been prepared and had been submitted to the court. Counsel further indicated that the report contained significant information regarding appellant's mental state.
>
> Counsel then urged that "there is a very close line...between an excusable situation and the situation that evolved here." He asserted that appellant had a "caring family" that was suffering great "trauma" due to appellant's situation. Counsel pleaded "for mercy in [its] determination," opining that, due to appellant's youthful age and "human frailty," she would be "crushed" by a lengthy prison sentence.
>
> At the post-conviction hearing, trial counsel made clear that he kept his remarks brief at sentencing because he feared extensive argument would antagonize the court. Counsel may well have gauged the situation accurately; after hearing the argument of counsel but before imposing sentence, the court commented: "There was strong circumstantial evidence in this case, not only of second degree murder but of first degree murder." The court indicated that it disbelieved appellant's testimony regarding spousal abuse and stated: "It simply doesn't wash. It is not convincing. It is not persuasive."

Paper No. 13, Exhibit 27 at 15-16. Upon review of the transcripts, the Court of Special Appeals of Maryland thus concluded that counsel's decision to limit his remarks was "entirely reasonable." <u>See id</u>.

The state court's determination is supported by the record and is neither contrary to nor involves an unreasonable application of federal law. <u>See</u> 28 U.S.C. §2254(d). As earlier noted, an attorney's tactical decisions are entitled to deference and should not be second guessed, <u>see</u> <u>Goodson</u>, 564 F.2d.

at 1072, unless unreasonable under the circumstances, <u>see</u> <u>Strickland</u>, 466 U.S. at 690.  This claim provides no basis for federal habeas relief.

**VI. Conclusion**

       For these reasons, the petition will be denied.  A separate order follows.

                                       /s/
                        PETER J. MESSITTE
             UNITED STATES DISTRICT JUDGE