**IN THE UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| TERESA JO JONES, #914885 | : | |
| Petitioner | : | |
| v. | : | Civil Action No. PJM-04-0317 |
| JOHN WILT, Warden, et al., | : | |
| Respondents | : | |

ooOoo

**MEMORANDUM**

Petitioner Teresa Jo Jones, by her attorneys, filed this Rule 60(b) Motion pursuant to the Federal Rules of Civil Procedure to vacate the Court's June 23, 2005, Memorandum and Order denying her 28 U.S.C. § 2254 Petition for writ of federal habeas corpus. Petitioner requests issuance of a Memorandum indicating the Court's inclination to grant this Motion, thereby allowing her to request remand from the United States Court of Appeals consistent with the procedure set forth in Fobian v. Storage Tech. Corp., 164 F.3d 887, 891 (4th Cir. 1999) (holding that a district court cannot grant a Rule 60(b) motion after an appeal has been filed unless the appellate court grants a limited remand after the lower court enters a memorandum indicating its intention to grant the Rule 60(b) motion). Counsel for Respondents has filed a Response in opposition to which Petitioner has filed a Reply. Upon review of the pleadings, the Court enters this Memorandum indicating its intention to grant the pending Rule 60(b) Motion to Vacate Judgment.

**I. Background**

On February 6, 2004, Petitioner filed a pro se 28 U.S.C. § 2254 motion challenging her state conviction and sentence for second-degree murder and a related handgun offense for which she is serving a thirty-five year sentence of imprisonment. On February 13, 2004, the Court issued an

Order directing Respondents, the Attorney General for the State of Maryland and Warden John Wilt, to respond and to furnish all relevant opinions, transcripts and materials. The Answer was filed on August 4, 2004. Respondents served upon Petitioner a copy of the Response, but did not serve her with copies of the supporting exhibits.

The Court then issued an Order directing Petitioner to respond to the State's assertion of procedural default. Petitioner filed her Response on February 23, 2005. On June 23, 2005, the Court denied the Petition. Petitioner subsequently obtained counsel who filed a Notice of Appeal on July 25, 2005. The deadline for the Certificate of Appealability was twice extended by consent agreement. On November 3, 2005, Petitioner filed the instant Rule 60(b) Motion.[1]

**II. Petitioner's Claim**

Subsequent to denial of the writ of habeas corpus and Petitioner's appeal, on October 25, 2005, the United States Court of Appeals for the Fourth Circuit decided Thompson v. Greene, 427 F.3d 263, 271 (4th Cir. 2005) which held: "[T]he applicable rules require the Attorney General to serve a habeas corpus petitioner with the pleadings (including exhibits) that he files with the court." In Thompson, the Fourth Circuit ruled that the Attorney General of Maryland is required to serve supporting exhibits with the answer on a habeas corpus petitioner, regardless of whether documents are voluminous, petitioner is already in possession of the documents, or petitioner could obtain such exhibits by showing particularized need. See id. at 268-71.[2] Based on Thompson, Petitioner argues

---

[1] At the request of the parties, the Court has stayed briefing on the Certificate of Appealability pending resolution of the Rule 60(b) Motion.

[2] The Fourth Circuit rejected as bordering on the "frivolous" arguments that the State is not required to serve exhibits on habeas corpus petitioners because: 1) petitioners should already possess either the documents or a general knowledge of their contents; 2) a petitioner can obtain such exhibits by showing a "particularized need" and securing a court order; and 3) the policy of not serving exhibits on a petitioner when the Attorney General files five or more is justified by "the time and expense of copying, binding and indexing, and delivering documents." Thompson, 427 F.3d at 271.

for vacatur of the Order denying habeas relief is warranted under Fed. R. Civ. P. 60(b)(1) and (3) because she was never served copies of the exhibits accompanying the State's Answer.[3]

## III. Subject Matter Jurisdiction

This Rule 60(b) Motion to Vacate Judgment was filed while an appeal from that judgment was pending. As a general matter, "an appeal divests a trial court of jurisdiction over 'those aspects of the case involved in the appeal.'" Fobian, 164 F.3d at 890 (quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982)). Rule 60(b) motions are a limited exception to this rule. See Fobian, 164 F.3d at 890. While a district court retains jurisdiction to consider the Rule 60(b) motion, it cannot grant it unless the appellate court grants a limited remand after the trial court enters a memorandum indicating its inclination to grant the Rule 60(b) motion. See id. at 890-91. Therefore, before this Court may grant the relief requested, a limited remand must be obtained from the Court of Appeals.

## IV. Analysis

Relief from judgment pursuant to Rule 60(b) is a matter committed to the discretion of the district court. See Universal Film Exchanges, Inc. v. Lust, 479 F.2d 573, 576 (4th Cir. 1973). In order to prevail in a motion seeking relief under Rule 60(b), a movant must first meet certain "threshold conditions." National Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993). It must be shown that: 1) the motion is timely; 2) there is a meritorious defense; and 3) the opposing party would not suffer unfair prejudice by having the judgment set aside. See Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987). If all the threshold conditions are met, the

---

[3] Rule 60(b) provides in relevant part: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect...[or] (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party...." Fed. R. Civ. P. 60 (b)(1), (3). Petitioner also asserts vacatur is warranted under Rule 60 (b)(6), the "catchall provision," in a footnote to the Motion. Paper No. 40 at 7 n.4.

3

analysis proceeds to a second stage of inquiry: the movant must satisfy one or more of the six grounds for relief in 60(b)(1)-(6). See Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984). If the movant is able to establish the elements of the first and second stages of this analysis, the "court must balance the competing policies favoring the finality of judgments and justice being done in view of all the facts, to determine, within its discretion, whether relief is appropriate in each case." Square Construction. Co. v. Washington Metro. Area Transit Authority, 657 F.2d 68, 71 (4th Cir. 1981).

**A. Timeliness**

Respondents oppose the instant Motion as untimely. Rule 60(b) contemplates that a party may file a motion to set-aside within a "reasonable time" and for motions under subsections (1) and (3), within a year of entry of judgment. "Motions under Rule 60(b) must be brought 'within a reasonable time' and 'the movant must make a showing of timeliness.'" McLawhorn v. John W. Daniel & Co., Inc., 924 F.2d 535, 538 (4th Cir. 1991). What constitutes a "reasonable time" for the filing of a Rule 60(b) motion "'depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and [the consideration of] prejudice [if any] to other parties.'" Kagan v. Caterpillar Tractor Co., 795 F.2d 601, 610 (7th Cir. 1986).

Clearly, this Motion was filed within a reasonable time. Following denial of her pro se § 2254 Motion on June 24, 2005, Petitioner obtained counsel who noticed an appeal on July 25, 2005, and filed for a Certificate of Appealability on July 28, 2005. Counsel's efforts to obtain portions of the record and evaluate potential claims to obtain a Certificate of Appealability constitute a satisfactory explanation to the extent they may have contributed to any delay. The Rule 60(b) Motion to vacate judgment was filed on November 3, 2005, only eight days after Thompson issued.

Accordingly, the Court deems the Motion timely.

### B. Meritorious Defense and Prejudice

In the underlying habeas proceeding, Petitioner pro se advanced three claims of ineffective assistance of counsel, all of which were denied. The remaining claims were adjudged procedurally defaulted. Failure to serve the exhibits with the Answer on Petitioner impeded her ability to oppose the State's arguments. A pro se habeas petition is "typically prepared by prisoners with little knowledge of the pleading requirements in habeas cases, and more importantly, little to no access to the pleadings and other judicial documents which are necessary to determine whether or not they have properly exhausted their state remedies." Chavez v. Morgan, 932 F. Supp. 1152, 1153 (E.D. Wis. 1996) (quoted in Thompson, 427 F.3d at 270). In view of Petitioner's pro se status and the failure to provide her with the exhibits, it can be concluded that a meritorious defense is available. Certainly, the equities compel such a conclusion.

Further, Respondents fail to proffer evidence that they have suffered prejudice by the timing of the Motion. No substantive pleadings have been filed since the Notice of Appeal was filed. Indeed, since the issue presented here is appropriate for appellate review, consideration now by the District Court promotes efficient employ of judicial resources. See Fobian, 164 F.3d at 890 ("[Because the district court] has lived with a case and knows it well, [it] is far better situated than an appellate court to determine quickly and easily the possible merit of a Rule 60(b) motion.").

### C. Rule 60(b)(1) Mistake

In order to successfully move for relief under Rule 60(b)(1), Petitioner must demonstrate a meritorious defense and that one of four conditions for relief applies--mistake, inadvertence, surprise, or excusable neglect. See Universal Film Exchanges, 479 F.2d at 576. In this case, Petitioner contends she is entitled to relief under Rule 60(b)(1) on the basis of mistake, *i.e.* that

5

Respondents failed to provide her with the exhibits supporting their Answer to her Petition and the Court did not direct otherwise.

Rule 60(b)(1) may be used to relieve a party from court error. See 11 Charles Alan Wright et al., Federal Practice and Procedure § 2858, at 293-94 (2d. ed.1995). This saves judicial resources by eliminating the need for appellate court to review where the trial court recognizes error. See Oliver v. Home Indem. Co., 470 F.2d 329, 330 (5th Cir. 1972); see also Fobian, 164 F. 3d at 890 (recognizing judicial economy of considering Rule 60(b) motion while appeal is pending). It is important to note, however, that Rule 60(b) is not an avenue for a dissatisfied party to obtain review of a trial court's final order after the time for appeal has expired. See United States v. McCoy, 198 F. Supp. 716, 723 (D.N.C.1961). But that is not the case here. The pending Rule 60(b) Motion does not substitute for appeal because timely notice of appeal has already been filed. Further, the Motion does not seek to reintroduce claims already presented, addressed, and rejected on collateral review.

**V. Conclusion**

Accordingly, the Court will direct entry of this Memorandum indicating its inclination to grant the pending Motion to Vacate Judgment.[4]  An Order consistent with this Memorandum follows.

```
  1/24/06                                         /s/
Date                                      PETER J. MESSITTE
                                    UNITED STATES DISTRICT JUDGE
```

---

[4] The Court need not reach Petitioner's arguments under Rule 60(b)(3)&(6).