IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THERESA JO JONES, #914885        :

    Petitioner        :

v.        :  Civil Action No. PJM-04-317

JOHN WILT, Warden, et al.,        :

    Respondents        ..o0o..

### MEMORANDUM OPINION

This matter is before the Court on Petitioner's 28 U.S.C. § 2254 Petition for habeas corpus relief challenging her conviction in 1997 for second-degree murder and a related handgun offense in the Circuit Court for Baltimore County. Petitioner has filed a Motion for Summary Judgment. Counsel for Respondents, John Wilt, Warden of the Patuxent Institution, and Douglas F. Gansler, the Attorney General of the State of Maryland, have filed a response in opposition, as supplemented. The Court will deny Petitioner's Motion for Summary Judgment, but will order this matter entered in for an evidentiary hearing. *See* 28 U.S.C. § 2254 (e)(1); Rule 8, Rules Governing Section 2254 Proceedings in the United States Courts.

**I. Background**

In 1997, a jury sitting in the Circuit Court for Baltimore County found Teresa Jo Jones guilty of second-degree murder and use of a handgun in the commission of a crime of violence in connection with the killing of her husband. At trial, Petitioner did not dispute that she shot her husband with his .44 magnum handgun, but asserted that she acted in self-defense and suffered from battered spouse syndrome. She was sentenced to twenty-five years on the second-degree murder charge and ten years on the handgun charge, to be served consecutively.

Jones, proceeding pro se, filed for federal habeas corpus relief under § 2254 on February 6, 2004, claiming trial counsel provided constitutionally ineffective assistance. Habeas relief was denied on June 23, 2005. Jones, now represented by counsel, appealed the denial of the § 2254 petition. Before the appeal was decided, the Fourth Circuit issued its decision in *Thompson v. Greene*, 427 F.3d 263, 264 (4th Cir. 2005) (holding that the Attorney General of Maryland is required to serve a habeas corpus petitioner with the pleadings, including exhibits, that are filed with the court). In this case, the State's response provided to Petitioner had not included copies of exhibits filed with the Court. Thus, relying on *Thompson*, Jones moved under Rule 60(b) of the Federal Rules of Civil Procedure to vacate denial of the Petition.[1]

By Order and Memorandum Opinion entered on March 9, 2006, the Rule 60(b) Motion was granted, the case was reopened, the Office of the Attorney General was ordered to provide Jones copies of all state exhibits, and Petitioner was granted time to supplement her reply to the State's response to her original Petition. On May 3, 2006, Petitioner's counsel filed a supplemental reply. On June 7, 2006, Petitioner moved for summary judgment.

## II. Claims Presented

Petitioner, by her counsel, proffers that the state court's adjudication of Jones's claims of ineffective assistance resulted in a decision that "involved an unreasonable application of . . . clearly established Federal law" in view of the record before the state court. 28 U.S.C. §2254(d)(1). Petitioner argues that trial counsel was constitutionally ineffective for three reasons: 1) he failed to

---

[1] After the Court entered a memorandum indicating its intention to grant the Rule 60(b) motion, the Fourth Circuit granted a limited remand. *See Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 891 (4th Cir. 1999) (holding a district court cannot grant a Rule 60 (b) motion after an appeal has been filed unless the appellate court grants a limited remand after the district court enters a memorandum indicating its intention to grant the Rule 60(b) motion).

2

conduct a reasonable investigation into a criminal insanity defense; 2) he failed to raise a hot-blooded response defense and such failure was not a strategic choice; and 3) he failed to investigate and present mitigation at sentencing.

### III. Standard of Review

Summary judgment is appropriate only if it is clear that "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322 (1986). In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

### IV. Discussion

Petitioner argues that the Court of Special Appeals of Maryland applied the *Strickland* standard [2] in an objectively unreasonable manner by failing to investigate and present "two viable defenses based on Ms. Jones's mental illnesses and, then, after the jury rejected his trial theory, failed to investigate or pursue any real case in mitigation during the sentencing proceedings." Petitioner's Supplemental Reply at 8. These alleged deficiencies "severely compromised Ms. Jones's defense at trial and her case in mitigation at sentencing. . . ." *Id.* The Court's review of the

---

[2] *Strickland v. Washington*, 466 U.S. 668 (1984).

3

pleadings, exhibits, transcripts and applicable law suggests that issues of material fact exist concerning counsel's investigation of Petitioner's mental condition. Additionally, issues remain regarding counsel's mitigation efforts at sentencing, and whether Jones was prejudiced as a result. Accordingly, the Court will deny Petitioner's motion for summary judgment, but order that this matter proceed to an evidentiary hearing.

\_\_3/8/07\_\_
Date

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE